JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1868 PA (AGRx) | Date | March 11, 2011 |
|---|---|---|---|
| Title | Daphne L. Burton v. NDEX West, LLC, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed on March 3, 2011 by defendant NDEX West, LLC ("NDEX"). (Docket No. 1.) Defendants PHH Mortgage Corporation and PNC Bank, N.A. ("PNC") consent to the Notice of Removal. NDEX asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Id. A national bank is a citizen of "the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307, 126 S. Ct. 941, 945, 163 L. Ed. 2d 797 (2006).

The Notice of Removal alleges that Plaintiff is a citizen of California, and that PHH Mortgage Corporation is a citizen of New Jersey, since it is a New Jersey corporation with its headquarters in New Jersey. However, the Notice of Removal is unclear as to the citizenship of NDEX and PNC. Although the Notice of Removal alleges that PNC has its headquarters in Pennsylvania, it does not state where PNC's main office is located according to its articles of association. As for NDEX, the Notice of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1868 PA (AGRx) | Date | March 11, 2011 |
|---|---|---|---|
| Title | Daphne L. Burton v. NDEX West, LLC, et al. | | |

Removal is even more unclear. At the outset the Notice of Removal alleges that NDEX is a Delaware limited liability company, but later alleges that it is a Texas corporation with its headquarters in Texas. See (Notice of Removal, 1:4; 3:9-10.) It is clear that NDEX cannot simultaneously be both a corporation and a limited liability company, and there is no way for the Court to know which is the case. If NDEX is indeed a limited liability company (as suggested by its name), then the Notice of Removal fails to establish its citizenship because there are no allegations of the citizenship of its members.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, NDEX has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. SC111507 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.